UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMMY KINNER,<br><br>                    Plaintiff,<br><br>vs.<br><br>IDOC; ADA COUNTY<br>JAIL/SHERIFFS OFFICE; U.S. & ITS<br>CONSTITUENTS et al; WARDEN<br>RICHARDSON;<br><br>                    Defendants. | Case No. 1:22-cv-00226-DCN<br><br>**INITIAL REVIEW ORDER<br>BY SCREENING JUDGE** |

The Complaint of Plaintiff Timmy Kinner was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. Dkts. 3, 1. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. After reviewing the Complaint, the Court has determined that Plaintiff will be required to file an amendment if he desires to proceed.

**REVIEW OF COMPLAINT**

### 1. Factual Allegations

Plaintiff alleges that Defendants discriminated against him regarding property allowances and housing assignments. He asserts that government supervisors permit employees to act with no regulation, which causes pain and suffering to inmates. He believes that his religious rights have been violated under the First Amendment, and that he has been discriminated against on racial and religious grounds in violation of the

Fourteenth Amendment Equal Protection Clause. Dkt. 3, p. 2. He states that he is fearful to list all four of the individuals who have violated his rights in fear of retaliation. *Id*.

### 2. Standards of Law

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*., citing *Twombly*, 550 U.S. at 556.

In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or a failure to plead sufficient facts to support a cognizable legal theory, under the *Iqbal/Twombly* standard. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Title 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments of the United States Constitution.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976). While conditions of confinement may be harsh and restrictive without being a violation of the Eighth Amendment, they cross the line of acceptability when they (1) involve "the wanton and unnecessary infliction of pain," (2) are "grossly disproportionate to the severity of the crime warranting imprisonment," (3) result "in unquestioned and serious deprivation of basic human needs," or (4) deny an inmate "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Where conditions of confinement are challenged, a plaintiff must make two showings. First, the plaintiff must make an "objective" showing that the deprivation was "sufficiently serious" to form the basis for an Eighth Amendment violation. *Johnson v.*

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

*Lewis*, 217 F.3d at 731.

Second, the plaintiff must make a "subjective" showing that the prison official acted "with a sufficiently culpable state of mind." *Id*. To establish an official's deliberate indifference, an inmate must show that (1) the officer was aware of the risk to the prisoner's health or safety, and (2) the officer deliberately disregarded that risk. *Farmer v. Brennan*, 511 U.S. at 837. To rebut the subjective inquiry, prison officials may present evidence that they reasonably responded to the risk. *Id.* at 844–45. Mere negligence is not sufficient to establish deliberate indifference; rather, the official's conduct must have been wanton. *Id*. at 835.

Under the Equal Protection Clause, "all persons similarly circumstanced shall be treated alike" by governmental entities. *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920). However, "[t]he Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." *Tigner v. Texas*, 310 U.S. 141, 147 (1940).

An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008).

If there is "an obvious alternative explanation" for the state action, a plaintiff must

provide factual allegations that give rise to a plausible inference that the action was the result of unconstitutional discrimination on the basis of "race, religion, or national origin." *Iqbal*, 556 U.S. at 676-77, 682. A plaintiff must provide sufficient allegations pointing to a discriminatory motive that "nudg[es]' his claim of purposeful discrimination 'across the line from conceivable to plausible.'" *Id*. at 683 (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)).

Verbal harassment, abuse, and threats, without more, are not sufficient to state a constitutional deprivation under § 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136 (9th Cir. 1987) (allegations that a correctional counselor told plaintiff that he would transfer him to a higher custody status unit if he tried to go to the law library and that he would be sorry if he filed a class action suit were not actionable under § 1983); *see Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987) (use of derogatory racial epithets does not violate Fourteenth Amendment); *see Shabazz v. Cole*, 69 F.Supp.2d 177, 198-201 (D.Mass. 1999) (citing authority to explain that racial slurs and verbal threats without more do not invoke constitutional protection). However, inmates have an Eighth Amendment right to be free from "calculated harassment unrelated to prison needs." *Hudson v. Palmer*, 468 U.S. 517, 530 (1984).

The First Amendment Free Exercise Clause absolutely protects the right to believe in a religion, but it does not absolutely protect all conduct associated with a religion. *Cantwell v. Connecticut*, 310 U.S. 296 (1940). Inmates clearly retain their free exercise of religion rights in prison. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). However, challenges to prison restrictions that are alleged "to inhibit First Amendment interests must

be analyzed in terms of the legitimate policies and goals of the corrections system, to whose custody and care the prisoner has been committed in accordance with due process of law." *Jones v. North Carolina Prisoners' Union*, 433 U.S. 119, 125 (1977) (citation omitted). The courts, therefore, must balance prisoners' First Amendment rights against the goals of the correctional facility. *Bell v. Wolfish*, 441 U.S. 520 (1979). Particularly, "when a prison regulation [or practice] impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safely*, 482 U.S. 78, 87 (1987).

### 3. Discussion

Plaintiff has stated no claim upon which he can proceed with his vague allegations. Plaintiff may file an amended complaint, using the legal standards set forth above, as may be applicable. The Court is attaching a civil rights complaint form for Plaintiff to use. The pages can be copied for more than one defendant. In simplified terms, Plaintiff must include in his amended complaint, the "who, what, when, where, why, and how" of each allegedly wrongful act that each defendant committed. If, out of fear, he desires to list each of the four individuals who allegedly harmed him by "John/Jane Doe 1-4," he may do so, and he may include Warden Richardson or another identifiable supervisor of these employees.

Plaintiff cannot sue the "IDOC" in federal court because of Eleventh Amendment sovereign immunity for states. If Plaintiff desires to sue the Ada County Sheriff's Office, he will have to do so in another lawsuit, because the county jail is a different entity from the state prison. It is completely unclear what Plaintiff means by "US & its constituents et

al." Dkt. 3, p. 1. The United States is a separate entity from the state or county; Plaintiff should clarify this defendant or omit it.

### 4. Plaintiff's Location

Plaintiff's copy of the conditional filing order was returned by the prison as undeliverable. The public website does not contain an address for Plaintiff. When the Clerk of Court called for a forwarding address, the Clerk was told by prison staff that he is still in custody, but his location could not be disclosed. This situation is troubling. The state attorney general will be required to submit a response to this Order to state the legal basis for not having a public address available for a state prisoner and the procedures (including where they are published) for the public to know where state prisoners in Plaintiff's custody status are being held and how to send mail to them. The state attorney general shall provide a copy of this Order and exhibits to Plaintiff and file a notice of compliance. The notice of compliance shall state exactly how court mail is to be addressed for it to be deliverable to Plaintiff.

## ORDER

**IT IS ORDERED:**

1. Plaintiff must file an amended complaint, together with a motion to review the amended complaint, within **45 days** after entry of this Order.

2. The Clerk of Court shall provide a copy of this Order to Mary Karin Magnelli, Idaho Deputy Attorney General, at her registered ECF address.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 7

3. Within **21 days** after entry of this Order, the state attorney general shall

   provide the information to the Court set forth above and file a notice of

   compliance regarding service of this Order on Plaintiff.


DATED: August 23, 2022

David C. Nye
Chief U.S. District Court Judge